587 F.2d 197
 JACKSONVILLE SHIPYARDS, INC. and Aetna Casualty and Surety
Company, Petitioners,
v.
William DUGGER and Director, Office of Workers' Compensation
Programs, U. S. Department of Labor, Respondents.
 No. 78-2611
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Jan. 2, 1979.
 John E. Houser, Jacksonville, Fla., for petitioners.
 B. T. Miller, Jacksonville, Fla., for Dugger.
 Carin A. Clauss, Sol. of Labor, Joshua T. Gillelan, II, Laurie M. Streeter, Assoc. Sol., U. S. Dept. of Labor, Washington, D. C., for Director OWCP.
 Petition for Review of an Order of the Benefits Review Board.
 Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner, Jacksonville Shipyards, appeals an award of compensation for permanent total disability to respondent, William Dugger, pursuant to section 8(a) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 908(a). We affirm the award, in accordance with the opinion below of the Benefits Review Board. Dugger v. Jacksonville Shipyards, BRB No. 77-692, June 30, 1978.
 
 
 2
 Substantial evidence supports the finding of the administrative law judge that Dugger has suffered permanent total disability. In so concluding, the administrative law judge properly took into account not only the claimant's physical condition but also other factors such as age, education, industrial history, rehabilitative potential, and availability of work which the injured worker can do. See Watson v. Gulf Stevedore Corp., 5 Cir., 1968, 400 F.2d 649, 653.
 
 
 3
 There is no merit to respondent's contention that, because the injury itself is confined to one limb, Dugger's recovery must be limited to that allowed under the schedule in section 8(c)(2) of the Act, 33 U.S.C. § 8(c)(2). In cases of permanent total disability, the schedules set forth in section 8(c) are inapplicable. In this case, the administrative law judge properly awarded compensation for permanent total disability pursuant to section 8(a), 33 U.S.C. § 908(a). See American Mutual Insurance Co. of Boston v. Jones, 1970, 138 U.S.App.D.C. 269, 272, 426 F.2d 1263, 1266.
 
 
 4
 We have examined the case of Williams v. Donovan, E.D.La., 1964, 234 F.Supp. 135, Aff'd 5 Cir., 1966, 367 F.2d 825, and find it to be consistent with our holding here. In Williams, the claimant was suffering from a partial disability, resulting from an injury to a specific member, the leg, unlike the present case where the injury to a specific member has resulted in permanent Total disability.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I